UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY,

       Plaintiff,                    Case No. 19-CV-10866

v.                              HON. GEORGE CARAM STEEH

MICHAEL TROMBLEY,
and GABRIEL NOBLE,

       Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (ECF No. 24)

This matter has come before the court on pro se Plaintiff Jerome Hailey's motion for reconsideration (ECF No. 24) of this court's order overruling Defendants' objections to the Magistrate Judge's decision and granting Defendants' motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies entered on March 25, 2020. At the time this court considered Defendants' objections, the court had not received Plaintiff's response. Due to delays in the prison mail system and the court's delays in docketing due to the coronavirus, the court did not receive and docket his response dated March 10, 2020, until June 2, 2020, the same date the court received and docketed his motion for reconsideration. Accordingly, the court does not limit its analysis to the

-1-

strict standard of review pursuant to Local Rule 7.1(h)(3) which governs motions for reconsideration, but considers his response brief and motion for reconsideration de novo.

Hailey brought this 42 U.S.C. § 1983 action against Defendant prison officials Michael Trombley and Gabriel Noble for alleged retaliation because he had filed numerous suits against various prison officials. Defendants filed a motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies which was referred to Magistrate Judge Anthony Patti.  Magistrate Judge Patti issued his report and recommendation that Defendants' motion for summary judgment be denied on the grounds that a question of fact exists over whether prison officials prevented Plaintiff from obtaining grievance forms.  Defendants filed an objection, and Plaintiff's response has now been received, docketed, and considered.  Because Plaintiff filed multiple grievances on February 20, 2019, less than a month after the alleged misconduct by prison officials, and because the Grievance Coordinator has the discretion to consider untimely grievances where there is a "valid reason for the delay," Plaintiff's failure to exhaust administrative remedies is fatal to his claims and Defendants' motion for summary judgment was properly granted.

## I. Factual Background

Plaintiff's Complaint alleges that Defendants retaliated against him for filing lawsuits against prison officials in violation of his First Amendment rights.  Specifically, he alleges that Defendants strip searched him on January 23, 2019, fabricated charges that he had a knife in his cell, charged him with misconduct, and placed him in segregation.  (ECF No. 1, PageID.6-7).  He further claims that Defendants failed to return his legal mail per his request on January 24, 2019, that he was wrongfully found guilty of misconduct on February 5, 2019, and that his security level was wrongfully increased on February 6, 2019.  (ECF No. 1, PageID.7-8).

Plaintiff admits that he never filed a grievance concerning the facts described in his Complaint.  But Plaintiff alleges that on January 24 and 25, 2019 and February 1, 2019, he requested grievance forms from three separate prison officials but was told there were none.  A short while later, however, Plaintiff filed two separate grievances on February 20, 2019, a third one on March 7, 2019, and a fourth one on April 11, 2019.  (ECF No. 16-4).  One of the grievances involved conduct taking place on February 7, 2019.  (ECF 16-4, PageID.85-86).  Another involved an incident on February 6, 2019.  (ECF 16-4, PageID.91).

Plaintiff has not shown the grievance process was unavailable to him. Because the record is clear that Plaintiff had access to the necessary grievance forms some time before February 20, 2019, Defendants' motion for summary judgment was properly granted for Plaintiff's failure to exhaust administrative remedies.

## II. Standard of Review

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III. Analysis

Prior to bringing a § 1983 suit to challenge prison conditions, a prisoner is required to exhaust his administrative remedies. 42 U.S.C. § 1997e(a). The Supreme Court has stressed that the exhaustion requirement serves important policy goals and "attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal

case." *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006) (internal quotation marks and citation omitted).

Under the Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130, which governs the process for a Michigan state prisoner to file a grievance, Plaintiff would generally be required to file a grievance arising out of the January 23 or 24, 2019 incidents on or before February 1 or 2, 2019 and his grievance arising out of the February 5-6, 2019 incidents on February 14-15, 2019.[1]  This is so because the MDOC Policy Directive 03.02.130(P)(effective as of 07/09/07) provides:

> Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control . . . If the issue is not resolved, the grievant may file a Step I grievance.  The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff.

*Id.*  (ECF No. 16-2, PageID.72).  But MDOC Policy Directive 03.02.130(G)(3) (ECF No. 16-2, PageID.71) provides that an untimely grievance "shall not be rejected if there is a valid reason for the delay; e.g., transfer."  Accordingly, because the MDOC Policy Directive grants the

---

[1] The report and recommendation calculates the due date for grievances arising out of the January 23 or 24, 2019 incidents as January 30 or 31, 2019, but that is counting every day, and not "business" days as required by MDOC Policy Directive 03.02.130(P).

-5-

Grievance Coordinator the discretion to consider untimely grievances where there is "a valid reason for the delay," Plaintiff had the ability to present untimely grievances arising out of the incidents alleged here. Indeed, Plaintiff could have presented the same excuse to the Grievance Coordinator that he offers here: that his requests for grievance forms on January 24 and 25, 2019, and February 1, 2019 were rebuffed.  Because there is no dispute that Plaintiff received grievance forms on or before February 20, 2019, when he filed two other grievances against different prison officials than he sued here, Plaintiff could have filed a grievance arising out of the January 23-24, 2019 and February 5-6, 2019 incidents at that time.  Indeed, Plaintiff filed a grievance on March 7, 2019 involving another alleged incident on February 6, 2019.  (ECF No. 16-4, PageID.91). Thus, it is apparent that Plaintiff believed he could file grievances outside the ordinary five-business-day filing rule which applies after the prisoner attempts to resolve the issue with appropriate staff.

In his motion for reconsideration, Plaintiff argues filing an untimely grievance after he received the forms would have been futile because the Grievance Coordinator summarily rejected other grievances as time-barred. But Plaintiff has not shown that he presented the Grievance Coordinator with a reason for his delay that he was allegedly denied grievance forms as

to those other grievances.  Plaintiff also argues that for many years, he has failed to receive relief for the numerous grievances he has filed, thus suggesting that the prison grievance procedures are merely a "dead-end" and so he should not be required to follow those procedures.  Of course, Plaintiff may seek review in court for the adjudication of his prison grievances and may challenge any unfairness here, but he is not excused from following the procedures proscribed by Congress which requires the exhaustion of administrative remedies for prisoners alleging unconstitutional prison conditions under §1983.

While the magistrate judge is no doubt correct that the Supreme Court has held that an inmate is not required to exhaust remedies that are "unavailable" as "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016), this is not such a case.  It is undisputed that Plaintiff had access to grievance forms as of February 20, 2019.  Nothing prevented Plaintiff from grieving the incidents at issue here at that time.  While under the ordinary prison directives those grievances would be untimely, the Prison Administrator has the discretion to consider untimely grievances where there is "a valid reason for the delay."  It is for the Prison Administrator to consider the issue

of whether grievance forms were wrongfully withheld in the first instance as it is the policy behind the exhaustion requirement that prisons be provided "with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. Having failed to file the necessary grievances once the forms became available less than a month after the alleged misconduct of the Defendants, Plaintiff's Complaint was properly dismissed for his failure to exhaust administrative remedies.

## IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 24) is DENIED.

Dated:  June 16, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 16, 2020, by electronic and/or ordinary mail and also on Jerome Hailey #575198, Earnest C. Brooks Correctional Facility 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/Brianna Sauve
Deputy Clerk